# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZANE HUBBARD,<br><br>       Plaintiff,<br><br>   v.<br><br>CORCORAN STATE PRISON, et al.,<br><br>       Defendants. | 1:13-cv-01056-AWI-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION<br><br>FOURTEEN-DAY DEADLINE |

### I.      Screening Requirement and Standard

Plaintiff Zane Hubbard ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff's complaint, filed on July 10, 2013, is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

1  conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937,
2  1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65
3  (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge
4  unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009)
5  (internal quotation marks and citation omitted).

6      Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings
7  liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338,
8  342 (9th Cir. 2010) (citations omitted).  To survive screening, Plaintiff's claims must be facially
9  plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each
10 named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949
11 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir.
12 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere
13 consistency with liability falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at
14 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

15     **II.    Plaintiff's Allegations**

16     Plaintiff is currently housed at California State Prison, Corcoran, where the events in the
17 complaint are alleged to have occurred.  Plaintiff names Corcoran State Prison and Floor Staff
18 Correctional Officer Flores as defendants.

19     Plaintiff alleges as follows:  On June 9, 2013, Plaintiff received two used, unmarked
20 razors for shaving.  Plaintiff contends that these could have been anyone's razors, including
21 persons with AIDS or Hepatitis C.  Plaintiff asserts that Defendant Flores deliberately gave
22 Plaintiff used razors.  Plaintiff reportedly told Defendant Flores that they were not his razors.

23     Plaintiff forwards a cause of action for violation of his Eighth Amendment rights.  He
24 seeks $1 million in damages.

25     **III.    Discussion**
26     **A. Eleventh Amendment Immunity**

27     Plaintiff names Corcoran State Prison as a defendant.  However, Plaintiff cannot bring
28 suit against a state prison.  "The Eleventh Amendment bars suits for money damages in federal

court against a state, its agencies, and state officials in their official capacities." Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted).  Corcoran State Prison is a part of the California Department of Corrections and Rehabilitation, which is a state agency.  As such, Plaintiff may not bring a claim for monetary damages against Corcoran State Prison.

### B. Conditions of Confinement

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement.  Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)) (quotation marks omitted).  Prison officials must ensure that inmates receive adequate food, clothing, shelter, medical care and personal safety.  Farmer, 511 U.S. at 832.

A prisoner's claim does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir.2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir.2002) (citation omitted)). In order to find a prison official liable under the Eighth Amendment for denying humane conditions of confinement within a prison, the official must know "that inmates face a substantial risk of serious harm and disregard[ ] that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).  Eighth Amendment liability requires "more than ordinary lack of due care for the prisoner's interests or safety."  Id. at 835 (citations and quotations omitted).

Here, Plaintiff has failed to allege that the distribution of used razors was anything but a one-time mistake.  Temporary unconstitutional conditions of confinement do not rise to the level of constitutional violations. See Anderson v. County of Kern, 45 F.3d 1310, 1314 (9th Cir.1995). Plaintiff also has not alleged that Defendant Flores knew that Plaintiff faced a substantial risk of serious harm from the razors and consciously disregarded the risk by failing to take appropriate

measures. At best, Plaintiff's claim suggests mere negligence on the part of Defendant Flores; that is, a lack of due care, not deliberate indifference. <u>Farmer</u>, 511 U.S. at 835. Further, there is no indication that Plaintiff used the razors. Rather, Plaintiff's allegations suggest that he complained about the used razors upon receipt.

### IV.     Conclusion and Recommendation

Plaintiff's complaint fails to state a cognizable section 1983. The deficiencies in Plaintiff's complaint cannot be cured by amendment and leave to amend shall not be granted. <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, it is HEREBY RECOMMENDED that this action be DISMISSED based on Plaintiff's failure to state a cognizable section 1983 claim.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **June 4, 2014**                    /s/ *Barbara A. McAuliffe*
                                           UNITED STATES MAGISTRATE JUDGE